UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M. FRANKLIN ASSOCIATES, L.P., and BARRY GELBER, individually,<br><br>Plaintiffs,<br><br>-against-<br><br>MFA SEARCH, INC., and KENNETH GLANTZ, individually,<br><br>Defendants. | Civil Action No. 1:22-cv-03351<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

The Plaintiffs, M. Franklin Associates, L.P. and Barry Gelber, individually, as and for its Complaint against the Defendants, MFA Search Inc. and Kenneth Glantz, hereby state the following upon information and belief:

**JURISDICTION AND VENUE**

1. The Plaintiff M. Franklin Associates, L.P. is a limited partnership duly organized pursuant to the laws of the State of New York, is a citizen and resident of New York, and has a principal place of business at 329 E 63rd Street, Suite 4M, New York, New York 10065.

2. The Plaintiff, Barry Gelber, is an individual residing in the State of New York, with his principal place of business at 329 E 63rd Street, Suite 4M, New York, New York 10065.

3. The Defendant Kenneth Glantz is an individual residing at 8 Butterfly Place, The Hills, Texas, 78738.

4. The Defendant MFA Search Inc. is a Corporation with a principal place of business at 9900 Spectrum Drive Austin, Texas 78717, which upon information and belief, was founded and is wholly owned by the Defendant, Kenneth Glantz.

5. There is complete diversity of citizenship between the Plaintiffs and the Defendants giving rise to jurisdiction pursuant to 28 U.S.C.A. § 1332(a).

6. The matter in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on complete diversity of the parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. This Court also has supplemental jurisdiction over the claims asserted under the laws of the State of New York under 28 U.S.C. §1367.

7. Venue within the Southern District of New York is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

**INTRODUCTION**

8. The Plaintiff M. Franklin Associates, L.P. is a recruiting agency which Barry Gelber co-founded in 1978.

9. The Defendant, Kenneth Glantz, was an employee of M. Franklin Associates, L.P. for over twenty years.

10. In the fall of 2019, Plaintiff Barry Gelber and the Defendant Kenneth Glantz entered into an oral partnership buy-in/buy-out agreement regarding the ownership interest in M. Franklin Associates, L.P.. This oral agreement provided that the Defendant Kenneth Glantz would pay Plaintiff Barry Gelber $150,000.00 per year over a ten-year period, in exchange for the Defendant Kenneth Glantz becoming a partner in M. Franklin Associates, L.P., with a 30% ownership interest immediately and then receiving a 100% ownership upon Plaintiff Barry Gelber's retirement. The first payment was due under this arrangement on or before December 31, 2020.

11.     While the partnership became effective in 2019, as evidenced by M. Franklin Associates, L.P.'s tax return for 2019, Plaintiff Barry Gelber agreed to temporarily delay the first payment of $150,000.00, originally due on or before December 31, 2020, due to the Covid-19 Pandemic, but he made it clear that Defendant Kenneth Glantz would need to make this payment as soon as reasonably practicable.

12.     During the last part of 2019 and 2020, Defendant Kenneth Glantz enjoyed the status of a Partner in M. Franklin Associates, L.P. and received distributions in connection therewith as reflected on the 2019 and 2020 the company's tax returns.

13.     During the Covid-19 pandemic, Defendant Kenneth Glantz moved to Texas in or around the summer of 2021. After making this move, unbeknownst to the Plaintiffs, the Defendant Kenneth Glantz started his own company in Texas called "MFA Search Inc."

14.     Upon information and belief, since forming MFA Search, Inc., the Defendants have improperly competed and/or billed for work done by M. Franklin Associates, L.P. in breach of their fiduciary duties.

15.     In addition, without notice to or the consent of the Plaintiffs, the Defendants have improperly infringed upon the trademark of M. Franklin Associates, L.P. by creating and using and trading under "MFA Search, Inc." a confusingly similar name to M. Franklin Associates, L.P. This confusion has resulted in M. Franklin Associates, L.P. not receiving payment from at least one (1) fee for client placement services.

16.     The Defendant Kenneth Glantz has failed in his obligations to carry out the partnership buy-in/buyout agreement with Plaintiff Barry Gelber. Specifically:

    a.     Defendant Kenneth Glantz agreed to pay Plaintiff Barry Gelber $150,000.00 every year beginning in 2020, in exchange for his ownership

interest in M. Franklin Associates, L.P. none of which has been paid to date; and

b. Defendant Kenneth Glantz has breached his fiduciary duties to the Plaintiffs, Barry Gelber and M. Franklin Associates, L.P. by opening a competing business under a name and style confusingly similar to that of M. Franklin Associates, L.P.; and

c. Defendant Kenneth Glantz opened his own corporation called "MFA Search Inc." after moving to Texas, and improperly billed for at least one (1) fee for client placement services performed as a partner at M. Franklin Associates, L.P. in breach of his fiduciary duty to M. Franklin Associates, L.P. and Barry Gelber.

17. As a result of the actions of the Defendant Kenneth Glantz, the Plaintiffs M. Franklin Associates, L.P. and Barry Gelber individually have lost an excess of $1,500,000.00, in addition to the loss of revenue and fees from client(s) whose payments for placement services may have been billed by Defendant MFA Search, Inc. and Kenneth Glantz.

18. Throughout this period, Defendant Kenneth Glantz has held himself out to be a partner of M. Franklin Associates, L.P. through social media platforms, including LinkedIn, although he had not made any of the payments due under his Partnership buy-in/buyout arrangement.

19. General Business Law § 360-k states that:

> any person who shall: (b) reproduce, counterfeit, copy or colorably imitate any such mark and apply such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in this state of such goods or services; shall be liable in a civil action by the

    registrant for any and all of the remedies provided in section three hundred sixty-l of this article, except that under this subdivision the registrant shall not be entitled to recover profits or damages unless the acts have been committed with the intent to cause confusion or mistake or to deceive.

20. General Business Law § 360-l provides: "Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services."

21. Defendants MFA Search, Inc. and Kenneth Glantz are infringing upon the Plaintiffs' trademark and unfairly competing with Plaintiffs through the creation of this Texas-based corporation which also performs tax recruiting services and appeals to the same clientele. The use of this name with similar likeness has caused confusion amongst the clientele that M. Franklin Associates, L.P. serves and will continue to do so if there is no immediate intervention.

## COUNT ONE
## BREACH OF CONTRACT

22. The Plaintiffs M. Franklin Associates, L.P. and Barry Gelber repeat, re-allege, and incorporate by reference each allegation in the preceding paragraphs as if set forth more fully herein.

23. The Plaintiffs and Defendant made an oral agreement to by which Kenneth Glantz would buy an ownership stake in M. Franklin Associates, L.P,, which included a payment plan and agreement where, in exchange for $150,000.00 per year over ten (10) years, Defendant Kenneth Glantz would obtain a 30% ownership stake in M. Franklin Associates, L.P. immediately, and then a 100% stake upon Plaintiff Barry Gelber's retirement.

5

24.　　The Defendant Kenneth Glantz agreed to this arrangement and held himself out to be a partner of M. Franklin Associates, L.P. by his actions, including changing his title on LinkedIn reflecting his partnership role.

25.　　Defendant Kenneth Glantz received K-1s reflecting Partnership Income for 2019 and 2020, as well as significant partnership distributions, as reflected on the tax returns M. Franklin Associates, L.P. where Kenneth Glantz is listed as a partner.

26.　　The Defendant Kenneth Glantz never informed the Plaintiffs, either verbally or in writing, that they would not be moving forward with their arrangement.

27.　　Notwithstanding Defendant Kenneth Glantz' partial performance on the buy-in and buy out agreement by acting as a partner in M. Franklin Associates, L.P., as evidenced by the entity's tax returns, distributions to the Defendant, and representations on social media, the Defendant Kenneth Glantz has breached the contract and agreement by failing to make the required payments, and forming another company named "MFA Search Inc." to conduct business which is the same or similar to that of M. Franklin Associates L.P.

28.　　As a result of the Defendants breaching their contract with the Plaintiffs, the Plaintiffs suffered damages.

29.　　The damages of the Plaintiffs are ongoing, and the amount of the damages suffered shall be determined at trial but are at least $1,500,000.00.

**COUNT TWO**
**TRADEMARK INFRINGEMENT, DILUTION, AND**
**UNFAIR COMPETITION**

30.　　The Plaintiff M. Franklin Associates, L.P. and Barry Gelber repeat, re-allege, and incorporate by reference each allegation in the preceding paragraphs as if set forth more fully herein.

31. M. Franklin Associates, L.P.'s trademark is well known and distinctive, and Plaintiff has built up valuable goodwill in them and in its brand since 1978, well before Defendants commenced infringing on them.

32. Defendants have used, are using, and upon information and belief intend to continue to use the name of "MFA Search Inc." for the Texas company's trademark/service mark in commerce in connection with recruitment services offered by Defendants.

33. Under Article 24 of the General Business Law, §360 through §360-R, as well as the common law, Defendants' acts constitute unfair competition and trademark infringement by reason of the use of a confusingly similar name in commerce in connection with recruitment services. The Defendants' use of this similar name is likely to cause and to continue to cause confusion in the trade, loss of business to the Plaintiffs, and irreparable damage to Plaintiffs' reputation.

34. Defendants' use of the name "MFA Search Inc." marks and trade dress has caused actual harm and is likely to cause harm to Plaintiffs by diluting and weakening its unique and distinctive significance and quality and ability to identify Plaintiffs' services by tarnishing Plaintiffs' name and trademark in the minds of consumers.

35. By reason of the foregoing, Defendants have violated New York laws of trademark infringement and unfair competition under §360 of the New York General Business Law.

36. Defendants' actions are deliberate, willful, and in conscious disregard of Plaintiffs rights.

37. As a result of trademark infringement by the Defendants, M. Franklin Associates, L.P. and Barry Gelber have suffered damages.

38. The damages suffered by the Plaintiffs are ongoing, and the amount of the damages suffered shall be determined at trial.

39. Defendants conduct as alleged above has caused and/or will cause Plaintiffs to suffer injury, for which it has no adequate complete remedy at law.

40. Plaintiffs are entitled to injunctive relief.

## COUNT THREE
## ACCOUNTING

41. The Plaintiffs M. Franklin Associates, L.P. and Barry Gelber repeat, re-allege, and incorporate by reference each allegation in the preceding paragraphs as if set forth more fully herein.

42. A fiduciary relationship and/or trust relationship existed between the Plaintiffs, M. Franklin Associates L.P. and Barry Gelber and the Defendant, Kenneth Glantz.

43. Upon information and belief, after becoming a partner in 2019, as reflected on M. Franklin Associates, L.P.'s K-1 and tax returns, the Defendant Kenneth Glantz solicited and recruited clients of M. Franklin Associates, L.P. and billed at least one (1) fee for client placement services that rightfully belonged to M. Franklin Associates, L.P.

44. The improper billing of clients of M. Franklin Associates, L.P. by Defendants was a breach of fiduciary duty by the Defendants to the Plaintiffs for which a full and complete accounting is due.

45. The Defendants owe the Plaintiffs a complete and full accounting of all monies owed, earned or due with respect to revenues earned by the Defendants, including MFA Search Inc., from the date of its incorporation through final judgment in this action.

## COUNT FOUR
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

46. The Plaintiffs M. Franklin Associates, L.P. and Barry Gelber repeat, re-allege, and incorporate by reference each allegation in the preceding paragraphs as if set forth more fully herein.

47. The oral agreement to buy out the ownership interest in M. Franklin Associates, L.P., made between Plaintiff Barry Gelber on the one hand, and the Defendant Kenneth Glantz on the other, carries with it an implied covenant of good faith and fair dealing.

48. Pursuant to the implied covenant of good faith and fair dealing, the Defendant Kenneth Glantz is and was required to (a) make annual payments of $150,000.00 a year to Barry Gelber for 10 years, (b) work as a partner of M. Franklin Associates, L.P.; and (c) refrain from creating an entity in a different state with a similar name and service mark.

49. The Defendant Kenneth Glantz has beached the implied covenant of good faith and fair dealing by: (a) failing to make annual payments of $150,000.00 a year to Barry Gelber for 10 years, (b) failing to work as a partner of M. Franklin Associates, L.P., and (c) creating a corporation in Texas named "MFA Search Inc." with similar name and service mark to M. Franklin Associates, L.P.

50. As a result of the breach of the implied covenant of good faith and fair dealing by the Defendant Kenneth Glantz, the Plaintiffs M. Franklin Associates, L.P. and Barry Gelber have suffered damages.

51. The damages suffered by the Plaintiffs M. Franklin Associates, L.P. and Barry Gelber are ongoing, and the amount of the damages suffered shall be determined at trial.

52. The conduct of the Defendant Mr. Glantz is egregious, willful, and malicious, and thus, the Plaintiffs M. Franklin Associates, L.P. and Mr. Gelber are entitled to punitive damages.

**WHEREFORE,** the Plaintiff M. Franklin Associates, L.P. and Barry Gelber demand judgment against the Defendants Kenneth Glantz and MFA Search, Inc.:

1) for compensatory damages with pre-judgment interest; and

2) for an injunction barring Defendant Kenneth Glantz from operating a company under the name "MFA Search, Inc."; and

3) for punitive damages; and

4) for a complete accounting of all fees collected by MFA Search, Inc.; and

5) for attorneys' fees and costs of this action; and

6) any other relief which is equitable, fair, and reasonable.

## JURY DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of Federal Rules of Civil Procedure.

Respectfully submitted,

s/ Matthew H. Mueller
Matthew H. Mueller, Esq.

Clemente Mueller P.A.
43 W. 43rd Street, Suite 156
New York, NY 10036-07424
(212) 425-5005
mmueller@@cm-legal.com
Attorney for Plaintiff
M Franklin Associates, LP
And Barry Gelber

Dated:      April 25, 2022

10